Nott, J.,
delivered his opinion as follows :
I concur in the opinion which has been delivered by my brother Bay in this case; but, as it appears susceptible of so many different views, I beg leave to express my own opinion in my own way.
If there be nothing unlawful in such a contract the Court must enforce it; and it is not unlawful unless it be usurious. If it be usurious, the whole bond is void, and the plaintiff can recover nothing. In England, with all the strictness which has prevailed in their Courts on the subject, such a bond has been held not to come within the statutes against usury. 4 Term Rep. 613. 2 H. Blackstone, 144. In Massachusetts and North Carolina, it has been decided, that such a contract is lawful, and that the payee is entitled to interest on the interest, so agreed to be paid. 2 Mass. Rep. 568. Taylor’s Rep. 231. To constitute usury, more than seven per cent., must be reserved for the annual use of money. In this case, nothing is required except simple interest on the money due, from the time it was to have been paid. A part of the money so due, to be sure, was interest, which became converted into principal; but there is nothing unlawful in that.
Let us only state the case in another form, and the whole mystery will disappear.
Suppose a person were to sell an estate worth $10,000, on a credit of ten years, and instead of reserving interest to be paid annually, on the face of the bond given for the purchase money, he should have it secured by ten several notes, payable one, two, and three years, and so on, up to ten years after date. Would not each note carry interest from the time it became due; and would it not be the same thing if it *were J expressly stipulated in the condition of a bond ? The annual interest of $10,000, is $100; and whether a person promise to pay $100, or the annual interest of $10,000, is only using different words to express the same idea; for that is certain which can be rendered certain.
It is said there is no express promise in this case, that the interest shall be converted into principal, and that interest shall be paid upon it. But when a person promises to pay a specific sum, on a given day, the law implies a promise to pay interest from that day, if the principal is not paid. And he adds nothing, by an express promise, to an obligation which the law requires him to perform. There is nothing oppressive or unjust in such a contract.
*397 Suppose a person, for the purpose of making convenient provision for a family, should sell all his estate on a long credit, with interest payable annually for their support. Would they not be entitled, even in equity, to interest on each instalment, if the payment should be withheld ?
The case from 1 Johnson’s Chan Ca. 14, is a case of compound interest. Not so here. All that the party demands is simple interest, on the amount stipulated to be paid. The eases, read from the equity books, are either cases of compound interest, or of peculiar hardship, in which that court felt authorized to grant relief; but this court must proceed according to settled and uniform rules of law, and cannot accommodate their decisions to the circumstances of every particular case. If there be any thing in the case which will authorize the interposition of a Court of Equity, to that court let the party apply.
Colcock, J., concurred.